IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLAUDIA OJEDA, | § | |
| Petitioner, | § § § | |
| v. | § | CIVIL ACTION H-05-2327 |
| FEDERAL BUREAU OF PRISONS, | § § § | |
| Respondent. | § § | |

## MEMORANDUM ON DISMISSAL

Petitioner, Claudia Ojeda, brings this action seeking habeas corpus relief under 28 U.S.C. § 2241. The Petitioner is presently in the custody of the Federal Bureau of Prisons (BOP). She is incarcerated in the Federal Prison Camp in Bryan, Texas. The district court sentenced Petitioner to a 46-month prison term on October 8, 2004.

## I. CLAIMS

Petitioner is eligible for placement in the "ICC/Boot Camp," also known as the Intensive Confinement Center. The district court recommended the ICC program for Petitioner and she had this in mind when she entered a plea agreement with the government. On January 25, 2005, the BOP Director cancelled the ICC program without notice to Petitioner or the United States Courts. This cancellation without notice violated the Administrative Procedure Act. 5 U.S.C. § 553. Petitioner was

entitled to notice and an opportunity to comment prior to cancellation. *Lincoln v. Vigil*, 508 U.S. 182 (1993); *Iacaboni v. U.S.*, 251 F.Supp.2d 1015 (D. Mass. 2003).

The sentencing court's recommendation and the plea bargain agreement were based on false assumptions because of the ICC program cancellation. Petitioner, defense counsel, and presumably the court, were "unfamiliar with any case" where the ICC program recommendation was not followed. The cancellation of the ICC program discontinued a sentencing option without notice. This caused a due process violation because of the mistaken assumptions made by the court, Petitioner, and the government.

The program cancellation violated the *ex post facto* clause. The cancellation was a retroactive application of a new less-favorable BOP policy, *i.e.*, the abolition of the ICC program.

## II. ANALYSIS

Congress authorized the Bureau of Prisons to "place in a shock incarceration program any person who is sentenced to a term of imprisonment of more than 12, but not more than 30 months." 18 U.S.C. § 4046(a). The federal boot camp program, the Intensive Confinement Center, and the Shock Incarceration Program are synonymous. *Castellini v. Lappin*, 365 F.Supp.2d 197, 198 (D. Mass. 2003).

Eligibility in the program is limited to prisoners with sentences of more than 12

2

months and 30 months or less. The district court sentenced Petitioner to 46 months. Petitioner is statutorily ineligible for the ICC program. Petitioner fails to state a claim on which relief may be granted.

## III. CONCLUSION

Accordingly, it is ORDERED that this habeas corpus petition be DENIED and that this case be DISMISSED. Petitioner's Motion for a Preliminary Injunction [Docket Entry No. 5] is DENIED.

SIGNED at Houston, Texas, on this 27th day of September, 2005.

_____

DAVID HITTNER

United States District Judge